Argued and submitted January 16, reversed April 28, 1980

EMBICK,
*Respondent,*
*v.*
GRUBER,
*Appellant.*

(No. 100,229, CA 14491)

610 P2d 277

Steven H. Gorham, Salem, argued the cause and filed the brief for appellant.

Edward L. Clark, Jr., Salem, argued the cause for respondent. With him on the brief was Clark, Marsh & Lindauer, Salem.

Before Joseph, Presiding Judge, Richardson and Gillette, Judges.*

GILLETTE, J.

*Gillette, J. *vice* Lee, J., deceased.

[1075]

## GILLETTE, J.

Defendant appeals a summary judgment for plaintiff on a promissory note. The court ruled that defendant's affirmative defenses and counterclaims were waived by action of defendant subsequent to the making of the promissory note. We reverse.

Plaintiff's motion for summary judgment included an affidavit of plaintiff and several attached exhibits. Defendant did not file counteraffidavits or offer any evidence in opposition to the motion for summary judgment.[1] From the trial court file, plaintiff's affidavit and the attached exhibits, we determine the facts leading up to the judgment.

On May 9, 1977, plaintiff filed her complaint alleging, in essence, that defendant executed a promissory note promising to pay a certain amount to plaintiff; that defendant had defaulted on the note; and that the full sum together with interest and attorney fees was due. On June 29, 1977, defendant's attorney personally delivered to plaintiff an answer together with a letter confirming a previous oral discussion. The letter stated:

> "As per our discussion on the *Embick v Gruber* case, we are agreed that you will not take a default in this action without giving this office adequate notice within which to file an answer.
>
> "The answer is prepared and you have a copy of it. Because of the issues involved and our understanding that when the case of *Gruber v Breese, et. al* is settled, your fee will be paid out of the settlement, I will not file it unless I get notice from you that you are about to take a default.
>
> "I believe this arrangement protects both my client's and your rights concerning this controversy. If you have any questions, feel free to call upon me."

---

[1] Defendant included in his brief a statement of facts which recited the history of this cause of action. Much of the fact statement is not supported by the record made in relation to the motion for summary judgment and must be disregarded in determining this appeal.

The proposed answer, which was not filed until May 5, 1978, alleged two affirmative defenses and two counterclaims. The first affirmative defense alleged that plaintiff, in exchange for the amount alleged in the note, promised to provide competent legal services to defendant but failed to render such services. The second affirmative defense alleged that defendant executed the note in reliance upon plaintiff's representation that the legal services performed by plaintiff were adequate and complete and that the pleadings prepared by plaintiff were complete and fileable without any additions or corrections. It was further alleged that the pleadings were defective and unfileable "caus[ing] defendant's new legal counsel to reprepare said work causing defendant additional expense and delay."

In the first counterclaim defendant alleged he hired plaintiff to perform legal services and prepare pleadings in the case of *Gruber v. Breese, et. al.* and signed the note in reliance upon plaintiff's representation that the pleadings were complete and fileable. It was further alleged that the representations were false and he had to retain new legal counsel to prepare and file the pleading. He asked for damages. The second counterclaim alleged that plaintiff was negligent in performing the legal services causing defendant to retain new legal counsel to his damage.

On January 10, 1978, plaintiff sent a letter to defendant's attorney inquiring as to the current status of the case of *Gruber v. Lincoln County School Board* and inquiring whether the position of defendant remained as set forth in the letter of June 29, 1977. In response, plaintiff received a letter from defendant's counsel as follows:

"The current status of the case of *Gruber v. Lincoln County School Board* at this time is that the defendants have filed an answer to the amended complaint that was submitted. I have talked to both Dr. Gruber and his attorney, Charles Porter and they informed me that they shall be filing as soon as

possible, a motion for summary judgment in this case. They also informed me that your fee is still included in the settlement that hopefully after the summary judgment is ruled on will be paid. Our position has not changed since my June 29, 1977 letter. As soon as the settlement is paid, you will get your fee out of that."

On May 5, 1978, plaintiff obtained a default judgment. Defendant filed his answer on May 5, 1978, and moved to set aside the default judgment on May 15, 1978. The default judgment was set aside November 24, 1978. Plaintiff filed a reply to defendant's answer on January 26, 1979. The reply and answer to the affirmative defenses and counterclaims alleged that defendant acknowledged the debt reflected in the promissory note and waived the defenses and claims set forth in his answer.

The trial court's order granting summary judgment was based upon the theory that defendant had "waived" his defenses by the language of the letters of June 29, 1977, and January 10, 1978.

Concerning waiver, the Supreme court has recently stated,

"We have considered the concept of waiver on many occasions. In *Foster v. Agri-Chem, Inc.,* 235 Or 570, 576-577, 385 P2d 184 (1963), we stated the requirements for the application of waiver:

'The term "waiver" has been used to cover several classes of legal problems. Both Williston and Corbin term the problem one of "discharge" rather than "waiver." 5 Williston, Contracts (3d ed), 437, § 724; 5 Corbin, Contracts, 984, § 1245. The rule is stated in Corbin, supra, as follows: "* * * a claim for damages for a breach can be discharged by a mere voluntary statement * * *." As this statement indicates, consideration is not necessary to support such a discharge. However, "The mere receipt of the defective performance is not in itself sufficient to discharge the claim to damages for the breach. *There must be an expression of assent to accept it in satisfaction and*

*as a complete discharge.* * * * [H] e must express his assent to accept it as a complete discharge of the obligor's duty to him." * * *.'" *Sprague v. Brown, Burt & Swanson, P. C.,* 283 Or 5, 9, 581 P2d 81 (1978) (emphasis supplied).

In ruling on the motion for summary judgment in this case, the trial court had before it only plaintiff's affidavit, the letters exchanged between the parties, and the proffered answer and counterclaim. Inasmuch as plaintiff's affidavit added nothing substantive to the inquiry (and defendant had filed no counteraffidavits or other material), the court's duty was to determine whether the contents of the letters constituted waiver as a matter of law. It held that they did. We disagree.

We think it patent that the letters contain no *present* "expression of assent to accept [ unsatisfactory performance] ." Rather, both letters indicate that plaintiff's allegedly incompetent performance is not acceptable *unless she forebears from pressing her claim for her fee until the occurrence of a future event.* The June 29, 1977, letter from defendant's counsel stated that

"* * * *Because of the issues involved* and our understanding that * * * your fee will be paid out of the settlement [in *Gruber v. Breese],* I will not file [the answer and counterclaim alleging that plaintiff performed legal services incompetently] unless I get notice from you that you are about to take a default.

*"I believe this arrangement protects both my client's and your rights* * * *." (Emphasis supplied.)

The January, 1978, letter took the same position:

"* * * [Y] our fee is still included in the settlement that hopefully after the summary judgment is ruled on will be paid. *Our position has not changed since my June 29, 1977, letter.* As soon as the settlement is paid you will get your fee out of that." (Emphasis supplied.)

We think it patent that, far from "waiving" his right to his defenses and counterclaims, defendant was

continually asserting them during the period in question. His decision not to file the affirmative defenses and counterclaims and to pay plaintiff's fee—which she claimed was presently owing— at some time in the future was made on the condition that plaintiff forebear from pressing her own case. This bargained for avoidance of an acrimonious lawsuit was not a "waiver."

The trial court erred in granting summary judgment for plaintiff.

Reversed.